Carl A. Fisher and Adrienne K. Fisher v. Commissioner. Albert B. Fisher v. Commissioner. Alice E. Davidson v. Commissioner. Estate of Alma Fisher, Deceased, Frank A. Fisher, Executor v. Commissioner. Frank A. Fisher v. Commissioner.
Fisher v. Commissioner
Docket Nos. 108652, 108653, 108654, 108655, 108656.
United States Tax Court
1944 Tax Ct. Memo LEXIS 277; 3 T.C.M. (CCH) 393; T.C.M. (RIA) 44132; April 26, 1944
*277 R. E. Mark, Esq., 903 Kearns Bldg., Salt Lake City, Utah, for the petitioners. T. M. Mather, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion These proceedings, duly consolidated, involve deficiencies in income taxes for the taxable year ending December 31, 1935, as follows: Docket
Amount of
Petitioner
No.
Controversy
Carl A. Fisher and
Adrienne K. Fisher
108652
$1,491.19
Albert B. Fisher
108653
668.19
Alice E. Davidson
108654
1,019.53
Est. of Alma Fisher, De-
ceased
108655
2,893.03
Frank A. Fisher
108656
3,387.09
The question presented is whether a distribution in kind by a corporation to its stockholders of securities acquired by it not out of earnings or profits, is taxable to the stockholders to the extent of the increase in value of the property from the time of acquisition by the corporation to the time of distribution. Findings of Fact The petitioners are individuals and were during the year 1935, stockholders of the Fisher Corporation. Each filed his income tax return for the period here involved with the Collector of Internal Revenue for the district of Utah. Albert Fisher, deceased husband of Alma Fisher and father *278 of Carl A. Fisher, Albert B. Fisher, Alice E. Davidson and Frank A. Fisher, died on June 28, 1917. At the time of his death he was the sole stockholder of the Fisher Terminal Warehouse Company (hereinafter called Warehouse Company). All of the stock of the Warehouse Company he specifically bequeathed to his widow and four children. On December 10, 1917, in accordance with the provisions of his will, the Fisher Corporation was incorporated under the laws of the State of Utah for the purpose of taking the residue of his estate which was of the value of $1,090,171.22, as appraised for Federal estate tax purposes. The authorized capital stock was $600,000, divided into 600 shares of the par value of $1,000 each. All of the shares were fully paid for by the transfer to the Fisher Corporation of the residue of his estate, and these shares were issued to the widow and children. The paid-in surplus of the corporation on the date of its organization was $490,171.22. The assets of the Warehouse Company included real property in Salt Lake City, Utah, upon which was located a brewery operated by Albert Fisher during his lifetime. On November 16, 1933, the Fisher Brewing Company was incorporated *279 under the laws of Utah to carry on the brewing business, with an authorized capital stock of $510,000, consisting of 5,000 shares of seven per cent preferred stock, par value $100 each, and 10,000 shares of common stock, par value $1.00 each. The five individual incorporators, the petitioners in these proceedings, each subscribed for one share of its common stock and paid for it in cash. The Warehouse Company subscribed for 1,500 shares of preferred stock and 9,995 shares of common stock and fully paid for the same by the transfer to the Brewing Company of the real estate and brewing property theretofore used in the business. On January 8, 1934, the Warehouse Company transferred back to the Brewing Company 3,500 shares of the common stock of the latter corporation to be used in effecting sales of the preferred stock of the Brewing Company. Between January 17, 1934 and May 9, 1934, the Fisher Corporation, for the purpose of providing the Brewing Company with working capital, purchased from the Brewing Company for cash 2,000 shares of its preferred stock at a cost of $200,000. As part consideration for the purchase the Fisher Corporation received from the Warehouse Company a bonus *280 of 2,000 shares of the common stock of the Brewing Company. The Fisher Corporation did not purchase the preferred stock of the Brewing Company out of its earnings; the purchase price was obtained from the sale of securities constituting part of its paid-in surplus, from which it realized $170,000, and from a loan of $30,000 from banks. A loss of $57,000 was sustained by the Fisher Corporation upon the sale of those securities. In order to avoid any possible infringement of the Code of Fair Competition for the Brewing Industry, adopted under the National Industrial Recovery Act, and in order to decentralize the voting control of the Brewing Company which had become concentrated in one stockholder who was manager of all three companies, the directors of the Fisher Corporation, on November 22, 1935, adopted the following resolution: "BE IT RESOLVED that this Corporation distribute in kind to its stockholders, in proportion to their respective stockholdings as of record at this date, two thousand shares of the Preferred Stock and two thousand shares of the Common Stock of Fisher Brewing Company now owned and held by this Corporation." On November 22, 1935, pursuant to this resolution, *281 the Fisher Corporation distributed 2,000 shares of preferred stock and 2,000 shares of common stock of the Brewing Company to its stockholders, the petitioners. On December 31, 1934, the earned surplus account of the Fisher Corporation showed a balance of $804.33 and its paid-in surplus account showed a balance of $522,546.25. Its earnings available for distribution in the year 1935, exclusive of any unrealized appreciation in the value of property held by it, were $19,925.53. The Fisher Corporation made cash distributions during 1935 aggregating $24,000. On November 22, 1935, the date of the above-described distribution of the stock of the Brewing Company, the earnings available for dividends amounted to $2,893.29. The fair market values of the preferred and common stock of the Brewing Company on the date of distribution were $100 per share and $40 per share, respectively. The Commissioner determined that the distribution of the preferred stock was nontaxable, except to the extent of $2,893.29, the amount of the earnings available for distribution at that time. He further determined that the increase in value of the common stock between the date it was acquired by the Fisher Corporation *282 and the date it was distributed to the stockholders represented income available for dividends, and hence that the distribution was a taxable dividend to the shareholders. Opinion ARUNDELL, Judge: The petitioners contend that the distribution of the common stock represented a return of their capital investment in the shares of the Fisher Corporation and that the value of the distribution should be applied in reduction of the basis of their shares under section 115(d) of the Revenue Act of 1934. [1] The Commissioner, on the other hand, contends that the distribution to the stockholders of these shares which had appreciated in value constitutes a realization of income to the extent of the increase and that the corporation's earnings and profits were correspondingly enlarged and hence the distribution constituted a taxable dividend. *283 The precise question here presented has been decided by us in , and our decision has been affirmed by the Circuit Court of Appeals for the Sixth Circuit in . It was there said by the Circuit Court of Appeals: * * * This distribution of its shares was a distribution of its capital because it at that time had nothing else out of which it could make distribution and we think the case must be ruled by Sec. 115(d) headed "Other Distribution From Capital" which provides that "the amount of such distribution should be applied against and reduce the adjusted basis of the stock provided in Sec. 113 and if in excess of such basis, such excess shall be taxable in the same manner as a gain from a sale or exchange of property." * * * The respondent concedes that the issue decided in the foregoing case is indistinguishable from that presented in the instant proceedings. Based on the Timken case, supra, we hold that the petitioners realized no taxable gain by the receipt of the Brewing Company stock, but the value thereof, at the time of distribution *284 should be applied against and reduce the basis of their stock in the Fisher Corporation. Decisions will be entered under Rule 50.
Footnotes
1. Sec. 115. Distributions by Corporations. * * * * *
(d) Other Distributions From Capital. - If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the adjusted basis of the stock provided in section 113, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property.↩